UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-3566 PAM/JSM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> LESTER FRIEDMAN, ) <br> ) <br> Respondent. ) | **REPORT AND RECOMMENDATION** |

The above-entitled matter came on for hearing before the undersigned Magistrate Judge on September 27, 2007, at the Federal Medical Center ("FMC") in Rochester, Minnesota. The United States petitions this Court pursuant to 18 U.S.C. § 4245 to determine the present mental condition of Respondent, Lester Friedman (Mr. Friedman). Petitioner seeks an Order committing Mr. Friedman to the mental health unit at FMC-Rochester for appropriate custody, care and treatment. Assistant Federal Public Defender Katherine Menendez represented Mr. Friedman, who was present throughout the hearing. Assistant United States Attorney Lonnie F. Bryan appeared on behalf of the United States.

At the hearing, Daniel Shine, Jr., M.D. ("Dr. Shine"), a staff psychiatrist at FMC-Rochester, testified on behalf of the United States. No witnesses testified on behalf of Mr. Friedman. The Court admitted into evidence without objection the following exhibits: Government Exhibit A, Sentencing and Confinement information, Government Exhibit B, Mental Health Evaluation dated April 4, 2007, and Government Exhibit C, the Curriculum Vitae of Daniel Shine, Jr., M.D.

The matter is before the undersigned Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Upon the following Findings of Fact and Conclusions of Law, it is recommended that:

1. The Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1] be granted;

2. Mr. Friedman is found to be suffering from a mental disease or defect for the treatment of which he is in need of hospitalization in a suitable psychiatric facility; and

3. FMC-Rochester is a suitable facility at which to treat Mr. Friedman's mental illness.

## FINDINGS OF FACT

**I.   APPLICABLE LAW**

Under 18 U.S.C. § 4245, a prisoner who is serving time in a federal prison may not be committed to a mental hospital for care and treatment without the prisoner's consent or a court order. See 18 U.S.C. § 4245; United States v. Watson, 893 F.2d 970, 975 (8th Cir. 1990)(vacated in part on other grounds by United States v. Holmes, 900 F.2d 1322 (8th Cir. 1990)). If the prisoner objects to being committed, the court must order a hearing to determine if there is "reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a); United States v. Jones, 811 F.2d 444, 447 (8th Cir. 1987).

"If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need

of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4245(d). The Attorney General must then hospitalize the prisoner "for treatment in a suitable facility until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." Id.

In summary, the Court is required to answer three questions: "Is the Respondent suffering from a mental disease or defect? If so, is the Respondent in need of custody for care or treatment of that disease or defect? If so, is the proposed facility a suitable facility?" United States v. Horne, 955 F. Supp. 1141, 1144 (D. Minn. 1997).

## II. DISCUSSION

### A. Mr. Friedman is Suffering From a Mental Disease or Defect

#### 1. Mr. Friedman's History

Mr. Friedman is a 78-year old male inmate serving a 135-month sentence imposed by the United States District Court, Central District of California in docket number CR 98-697 RMT. A copy of the Judgment and Commitment Order and SENTRY Sentence Computation Data is Exhibit A. On March 7, 2007, he was transferred from Federal Correctional Institution, Fort Worth, Texas to the Federal Medical Center, Rochester (FMC Rochester), Minnesota due to cognitive decline. Mr. Friedman has been emergently treated at FMC Rochester because he lacked competency to provide informed consent for his treatment.

In 1997, he was diagnosed with Bipolar Disorder and in 1998 with Depressive Disorder. In 2003, health care providers became concerned with a decline in cognitive abilities of Mr. Friedman. Exhaustive testing created a baseline and in 2006 he was

diagnosed with a late onset of Dementia of the Alzheimer's Type. On April 4, 2007, Dr. Shine and FMC Rochester staff diagnosed Mr. Friedman with Dementia Not Otherwise Specified and a Mood Disorder Due to Dementia with Depressive Features. Dr. Shine testified that Mr. Friedman currently suffers from these mental diseases and defects. The Court finds that Dr. Shine is a credible witness, based on both his expertise and understanding of Mr. Friedman's mental health status.[1]

### 2. Mr. Friedman's Current Condition

When Mr. Friedman arrived at FMC Rochester he presented with symptoms of cognitive impairment and depression. He was sobbing. On March 12 and 13, 2007, eight psychological tests were administered and the results considered valid. One of these tests, the Cognitive Capacity Screening Examination (CCSE) assessed Mr. Friedman's mental functioning. His score indicated significant deficits. He was not oriented to place or time, struggled with memory recall and had difficulty counting by sevens. He appeared to have extensive impairment. In addition testing reflected a significant deterioration of IQ. Mr. Friedman has a doctorate in chemistry. Yet, at the time of the testing, his IQ was scored as 75,

---

[1] The parties stipulated to Dr. Shine's qualification as an expert in the issues involved in the current petition. His curriculum vitae was accepted into evidence based upon stipulation by the parties as Government's Exhibit C. Likewise, Dr. Shine's mental health evaluation was entered into evidence as Government's Exhibit B based upon the stipulation of the parties. Mr. Friedman's medical records were not introduced into evidence. Dr. Shine, however, testified that he reviewed these records.

which is borderline.

Similarly, testing showed significant depression. Although the Geriatric Depression Scale, which is a test used to measure depression, was commenced, Mr. Friedman was too depressed to complete it and endorsed many symptoms associated with Major Depressive Disorder. Moreover, throughout his incarceration at FMC Rochester, Mr. Friedman has exhibited symptoms commonly associated with Major Depressive Disorder, including a depressed mood, diminished interest or pleasure, psycho motor retardation, fatigue and tearfulness. Due to the lack of information that would confirm whether these symptoms existed before the onset of dementia, Dr. Shine diagnosed Mr. Friedman with Mood Disorder Due to Dementia, with Depressive Features. The evidence does not conflict and this Court finds that Mr. Friedman is currently suffering from a mental disease or defect.

### B.     Mr. Friedman is in Need of Hospitalization for Care of Treatment

Although 18 U.S.C. § 4245(d) does not define when a prisoner is "in need of custody for care or treatment," courts have found that prisoners are "in need" of treatment under 18 U.S.C. § 4245 where a diagnosis is properly supported by psychological or psychiatric testimony. Horne, 955 F. Supp. at 1146; United States v. Eckerson, 299 F.3d 913, 914 (8th Cir. 2002) (applying the legal standard for determining when an inmate is in need of treatment adopted in Horne); United States v. Akere, 14 Fed. Appx. 292, 293-94 (4th Cir. 2001) (finding no support in 18 U.S.C. § 4245 or the court's precedent for the proposition that the inmate could not be committed to a mental health facility without a finding of dangerousness). Here, Mr. Friedman requires 24-hour nursing care. Early in his incarceration at FMC Rochester he engaged in self-injurious behavior. Moreover, the diagnoses of Dementia Not Otherwise

5

Specified and Mood Disorder Due to Dementia, with Depressive Features require treatment to which he is unable to provide informed consent.[2] Indeed, Dr. Shine testified that Mr. Friedman's cognitive abilities have declined to the point where he is considered incompetent. No contradictory evidence was presented. This Court finds that Mr. Friedman is in need of hospitalization for care and treatment of his mental disease or defect.

### C.   FMC-Rochester is a Suitable Facility

There is no dispute in this case that FMC-Rochester is a suitable facility for Mr. Friedman to receive care or treatment. It has become the central facility for treatment of persons with mental disease and defects associated with aging. Moreover, Mr. Friedman's mood improved and depressive symptoms mitigated while he received treatment at FMC Rochester. Although Mr. Friedman's dementia was also treated and his cognitive abilities continue to decline, there is no medication that can improve these mental defects. Dr. Shine testified that Mr. Friedman will receive the mental health treatment for his depression and that Mr. Friedman's prognosis is good for continued improvement in his mood. There having been no evidence offered to contradict this testimony, this Court recommends that FMC-Rochester is a suitable facility.

### RECOMMENDATION

For the reasons set forth above, it is recommended that:

---

[2]  Dr. Shine testified that Mr. Friedman was always willing to take anti-depressants that were prescribed for him. However, due to his greatly impaired cognitive abilities, Dr. Shine did not believe Mr. Friedman was capable of making an informed decision or consent for his treatment.

1. The Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1] be granted;

2. Mr. Friedman is found to be suffering from a mental disease or defect for the treatment of which he is in need of hospitalization in a suitable psychiatric facility;

3. FMC-Rochester is a suitable facility at which to treat Mr. Friedman's mental illness;

4. Mr. Friedman be committed to the custody of the United States Attorney General; and

5. The Attorney General hospitalize Mr. Friedman for treatment of his mental disease or defect.

Dated:         October 4, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before October 22, 2007 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.